2, 1903.) Action by Florence Briggs by guardian, etc., against the New York Central & Hudson River Railroad Company. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the Court of Appeals denied.

BRIGHTWEAZER et al., Respondents, v. FULTS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 5, 1903.) Action by Catherine Brightweazer and another against George Washington Fults and others. No opinion. Interlocutory judgment and order affirmed, with costs.

In re BROOKLYN UNION ELEVATED R. CO. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) In the matter of the petition of the Brooklyn Union Elevated Railroad Company relative to acquiring title to real estate, etc. Parcel No. 85; premises, 165 Lexington avenue; Theodore B. Case, owner. No opinion. Motion for leave to appeal to the Court of Appeals granted.

BROOKES, Respondent, v. LORENZEN, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1903.) Action by Charles Brookes, as receiver of the property, etc., of Theodore De Cline, a judgment debtor, against Frederick Lorenzen.

PER CURIAM. Judgment of the County Court of Westchester county affirmed, with costs.

HIRSCHBERG, J., not voting.

BROOKS v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Sarah Brooks against the New York Central & Hudson River Railroad Company.

PER CURIAM. Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide event. Held, that the question of defendant's negligence was one of fact for the jury.

BROWN, Respondent, v. CITY OF FULTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Louisa Brown against the city of Fulton. No opinion. Judgment and order affirmed, with costs.

BRYAN v. FARMERS' MUT. INDEMNITY ASS'N OF CAYUGA COUNTY. (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Daniel J. Bryan against the Farmers' Mutual Indemnity Association of Cayuga county. No opinion. Motion for reargument denied, with $10 costs and disbursements.

BRYAN, Respondent, v. FARMERS' MUT. INDEMNITY ASS'N OF CAYUGA COUNTY, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 2, 1903.) Action by Daniel J. Bryan against the Farmers' Mutual Indemnity Association of Cayuga county. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

BURDICK v. BURDICK et al. (Supreme Court, Appellate Division, Second Department. June 5, 1903.) Action by Lafayette L. Burdick against Mary E. Burdick and Laura V. Stickley. No opinion. Reargument ordered for Wednesday, June 10, 1903.

BURKE v. RHOADS. (Supreme Court, Appellate Division, First Department. May 22, 1903.) Action by Francis P. Burke against Benjamin T. Rhoads. No opinion. Motion denied.

CALDWELL, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Mary Ann Caldwell, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

CALDWELL et al., Respondents, v. NEW YORK & H. R. CO. et al., Appellants. MT. MORRIS BANK v. SAME. CAMPBELL v. SAME. HENRY v. SAME. TYNBERG v. SAME. (Supreme Court, Appellate Division. First Department. June 19, 1903.) Separate actions brought by Emily R. Caldwell and another, by the Mt. Morris Bank, by Bridget Campbell, by Samuel Henry, and by Ida Tynberg against the New York & Harlem Railroad Company and others. From judgments for plaintiffs, defendants appeal. Reversed. See 71 N. Y. Supp. 1105. I. A. Place, for appellants. C. T. B. Rowe, Thomas P. Wickes, James C. Bushby, and G. C. Lay, for respondents.

PER CURIAM. We are of the opinion that the judgments in all these cases must be reversed, but that the complaints should not be dismissed in any of them, but a new trial ordered. In regard to those cases which it is sought to distinguish from the cases disposed of by the Court of Appeals, because they relate to damages arising from the construction of a station, even if such plaintiffs might be entitled to some damages, they are so intermingled with the other damages that this court cannot separate the same. The suggestion was made upon the argument of some of these cases that counsel for